**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS J. KENNIS, | No. 19-55934 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-08162-GW-FFM |
| v. | |
| METROPOLITAN WEST ASSET MANAGEMENT, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 31, 2020[**]
Pasadena, California

Before: IKUTA and BENNETT, Circuit Judges, and WOODLOCK,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Douglas P. Woodlock, United States District Judge for the District of Massachusetts, sitting by designation.

Thomas Kennis, a shareholder in the MetWest Total Return Bond Fund (the Fund), appeals the district court's ruling that Metropolitan West Asset Management, LLC (MetWest) did not breach its fiduciary duty under section 36(b) of the Investment Company Act of 1940 (ICA), 15 U.S.C. § 80a-35(b). We have jurisdiction under 28 U.S.C. § 1291.

We conclude that the district court did not clearly err in finding that Kennis failed to carry his burden of showing that MetWest charges the Fund "a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010). We therefore affirm.

The district court did not clearly err in finding that MetWest provided the Fund with significantly greater services than it provided the funds for which it served as a subadvisor (the Subadvised Funds), including maintaining the Fund's net asset value and liquidity, ensuring compliance with legal requirements, and assisting the Board, among other things. Nor did the district court clearly err in finding that MetWest incurred greater risks for the Fund than for the Subadvised Funds. Kennis's argument that the district court credited MetWest with providing services that were actually provided by BNY Mellon Investment Servicing (US) Inc. (BNY) is not supported by the record. Because MetWest never charged the

2

Fund for reimbursement under the Supplemental Administration Agreement, the agreement sheds no light on the question whether MetWest charges disproportionately large fees. And because the district court found that the "nature and extent of the services required by [the Fund and the Subadvised Funds] differ sharply," the court reasonably rejected any comparison between the fees charged to the Fund and the Subadvised Funds as "not probative." *Jones*, 559 U.S. at 349–50 (citation omitted).

Nor did the district court clearly err in rejecting Kennis's other arguments. While the record contains mixed evidence (including conflicting expert reports and testimony) on Kennis's argument that MetWest experienced savings resulting from the Fund's growth in assets under management, the district court did not clearly err in concluding that MetWest had not profited from "economies of scale," *Jones*, 559 U.S. at 344 (citation omitted). The record also supports the district court's findings that the Board's process was robust and that MetWest did not withhold material information from the Board.[1] Finally, the district court did not err in its assessment of the Broadridge peer data; the data supported MetWest's claim that

[1] The ICA does not require the Board to negotiate for a lower fee; the Board need only consider the relevant factors. *See Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 351 (2010).

3

its fees were reasonable, but the court gave the data "no more and no less" weight "than the weight it deserves."[2]

**AFFIRMED.**

---

[2] The record supports the district court's determination that Professor John Coates was qualified to testify as an expert; therefore, the court did not abuse its discretion in admitting his testimony. *See* Fed. R. Evid. 702; *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Moreover, Kennis's objection to the testimony was not timely under the district court's standing order. *See* Fed. R. Civ. P. 16(c)(2)(D), 83(b).